IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

YORI HENRY FAIRLEY							PLAINTIFF

VERSUS					CIVIL ACTION NO. 1:08cv647HSO-JMR

OCHSNER MEDICAL FOUNDATION, ET AL			DEFENDANTS

REPORT AND RECOMMENDATION

This matter comes before the Court, sua sponte, regarding failure of the plaintiff to effect any service of process on the defendant in this matter or comply with the Court's Order of April 1, 2009 . Upon further consideration of the complaint and the records in this action, plaintiff filed his initial complaint in this matter on September 24, 2008. On April 1, 2009, the Court ordered the plaintiff to perfect service on or prior to April 17, 2009 and further warned the plaintiff if service was not effected within thirty days and no extension was granted for good cause the matter may be dismissed without prejudice. Plaintiff has failed to communicate further with the Court, either to inquire as to the status of her case or to attempt to comply with the Court's order. In addition, no service of the summons and complaint has been made upon defendants within 120 days of filing as required by Rule 4(m), of the Federal Rules of Civil Procedure.

It is apparent from the plaintiff's failure to comply with an Order of this Court or to otherwise communicate with this Court, that plaintiff has a lack of interest in pursuing these claims. This Court has the authority to dismiss an action for the plaintiffs' failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir.

1988).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Based on the foregoing, this Court is of the opinion that the plaintiff has failed in his obligation to respond in accordance with the Court's Order and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Therefore, this Court recommends that this cause be dismissed without prejudice for the plaintiff's failure to prosecute and failure to comply with Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure.

In accordance with Rules of this Court, any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the Judge, the U.S. Magistrate Judge and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal-unobjected to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1425 (5th Cir. 1996).Clerk of Court is ordered

to send a copy of this Report and Recommendations to the Plaintiff's last known address by certified mail and file the return receipt.

THIS the 11th day of May, 2010

*S/ John M Roper, Sr.*  
UNITED STATES MAGISTRATE JUDGE